UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE          )
EXTRADITION OF CRISTIAN    )    DOCKET NO.  17-mj-04218-DHH
STARLING AGUASVIVAS        )

**SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS EXTRADITION COMPLAINT**

    Defendant respectfully requests leave of the Court to supplement his Motion to Dismiss the Extradition Complaint (D.E. 23) with the following additional argument:  that the Complaint should be dismissed because it contains insufficient evidence to show probable cause on the elements of the charges for which extradition is sought under Dominican law. This argument supplements Section II of Defendant's February 27, 2018 briefing (D.E. 23, pp. 17-25).

    To support its extradition request, the government must show probable cause as to each of the elements of *each* offense charged under the law of the requesting state. *See Petition of France for Extradition of Sauvage*, 819 F. Supp. 896, 901 (S.D. Cal. 1993); *see also* Article 7(3)(c) of the Treaty (stating that a request for extradition "shall" be supported by "such information as would provide a reasonable basis to believe that the person sought committed *the offense or offenses for which extradition is requested*.") (emphasis added) (Bates 24).

    The Complaint accuses Mr. Aguasvivas of violating seven provisions of the Dominican Criminal Code: Articles 265, 266, 295, 304, 379, 383, and Article 39 of Dominican Law 36. *See* Complaint, D.E. 2, at 1. Undersigned counsel has retained Attorney Francisco Campos, an experienced attorney who practices in the Dominican Republic, to analyze these statutes and render

an opinion regarding the elements of several of the charged Articles. An Affidavit from Attorney Campos is attached as Exhibit D ("Campos Affidavit.").[1]

      a. Articles 265/266

The Dominican Republic alleges two conspiracy-based crimes, under Articles 265 and 266. These articles require a pre-existing agreement to commit a crime. *See* Campos Affidavit, at ¶ 3(a). The facts as alleged by the government describe a scenario in which Mr. Aguasvivas allegedly reacted, as he was being apprehended by the police, by grabbing an officer's firearm and shooting. There is no evidence of an agreement to commit this shooting – or *any* kind of agreement – prior to the moment when the DNCD grabbed Mr. Aguasvivas. Without evidence of a pre-existing conspiracy, there is no probable cause as to these two crimes. *See in re Gambino*, 421 F. Supp. 2d 283, 316 (D. Mass 2006) (finding insufficient evidence tying relator to conspiracy to sustain request as to conspiracy charge).

      b. Articles 295/304

Articles 295 and 304 charge aggravated homicide – the most serious form of homicide that can be charged in the Dominican legal system. *See* Campos Affidavit, at ¶ 3(b). Under this particular homicide charge, the government must prove premeditation. *Id*. As noted in defendant's Motion to Dismiss, the factual scenario outlined by the government indicates that Mr. Aguasvivas committed the act in reaction to his arrest. The prosecutor's affidavit states that Mr. Aguasvivas "took advantage of the distraction of the agents at the time of the intervention of his brother, and, in a surprising way, attacked to[sic] the agent. . . LORENZO UBRI MONTERO, to whom disarmed and killed." Bates 56.  This document presents a factual scenario in which Mr. Aguasvivas allegedly reacts to being taken into custody by "disarm[ing]" one of the officers and then

---

[1] This exhibit is labeled "Exhibit D" to follow sequentially the three exhibits attached to defendant's Motion to Dismiss the Extradition Complaint (D.E. 23).

committing the crime. *Id*. Under these facts, there is no evidence of premeditation and therefore no probable cause as to that element.

In sum, the Dominican government has produced no evidence of a pre-conceived conspiracy such as would establish probable cause under Articles 265-266, and no evidence of premeditation under Article 304. Even if it can make a showing on the other offenses alleged, the Treaty requires that the extradition request demonstrate a showing of probable cause on *each* of the offenses for which extradition is sought. *See* Article 7(3)(c) (Bates 24). Because the government has not done so, the Court must find no probable cause as to these violations and dismiss the Complaint.

        Respectfully submitted,

        CRISTIAN STARLING AGUASVIVAS,
        by his attorneys,

        */s/ Jennifer C. Pucci*
        Jennifer C. Pucci
        B.B.O. #669823
        Amy Barsky
        Cal. Bar 270846
        FEDERAL PUBLIC DEFENDER OFFICE
        51 Sleeper Street, 5th Floor
        Boston, MA 02210
        617-223-8061

### Certificate of Service

I, Jennifer C. Pucci, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date:   March 1, 2018         */s/ Jennifer C. Pucci*
        Jennifer C. Pucci