UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE            ) | |
| EXTRADITION OF CRISTIAN        ) | DOCKET NO.  17-mj-04218-DHH |
| STARLING AGUASVIVAS             ) | |

MOTION TO INTRODUCE PROVISIONS OF DOMINICAN CODE REGARDING
SELF-DEFENSE AT EXTRADITION HEARING

Relator Cristian Aguasvivas respectfully requests that the Court admit the Dominican statutes attached hereto as Exhibit A as exhibits at the extradition hearing scheduled for June 29, 2018.  Exhibit A contains both the original Spanish and an English translation of several provisions of Dominican law which relate to how Dominican law classifies self-defense. Undersigned counsel has provided Exhibit A to Assistant United States Attorney Theodore Heinrich and he does not object to the admission of these provisions.

The attached provisions relate to how the Dominican code classifies claims of self-defense. Chapter 1, Section 3, Paragraph III is entitled "Homicides, injuries, and blows considered to be neither crimes nor misdemeanors." Article 328, a provision within this Paragraph, states that "[t]here is no crime or misdemeanor when the homicide, injuries, or blows are caused by the actual necessity for legitimate self-defense or defense of another."  Article 329 then provides examples of when self-defense may be used in defense of property – in the case of home invasion, etc. Article 329 does not address cases involving legitimate defense of self and therefore it should not be read as an exhaustive list of the circumstances in which self-defense applies.  Had the Court not excluded Mr. Aguasvivas' Dominican legal expert, Mr. Aguasvivas would have proffered the expert's opinion that self-defense is not limited to the circumstances articulated in Article 329 and that self-defense negates the intent element of homicide under Articles 295 and 304.  The latter point was addressed in the second proffered declaration by Mr. Campos, excluded by this Court

1

orally at the June 8, 2016 hearing.

In contrast to the Dominican articles discussed by the court in *Pena-Bencosme*, Article 328 is a complete defense that negates, rather than excuses, a criminal act. *United States v. Pena-Bencosme*, No. 05-M-1518 (SMG), 2006 WL 3290361, at *4 (E.D.N.Y. Nov. 13, 2006), addressed Articles 321 and 326, not Article 328. Those articles come in a different section of the penal code (but are included in Exhibit A for the Court's reference). They address the justification or excuse of imperfect self-defense, which is a factor in mitigation at sentencing. *See id.* Here, Mr. Aguasvivas argues that *perfect* self-defense, under Article 328, negates the crime and renders an act non-criminal. *See* Art. 328 (attached at Exhibit A). In contrast to articles 321 and 326, Article 328 is relevant not to mitigation at sentencing but to whether a crime occurred at all. The government bears the burden to show probable cause that Mr. Aguasvivas *intended* to kill under Articles 295 and 304. *See Dixon v. United States*, 548 U.S. 1, 6 (2006) (burden of proof varies based on the mens rea of the charge); *United States v. Farlee*, 757 F.3d 810, 815-16 (8th Cir. 2014) (defense has burden of production on self-defense but government bears burden to disprove self-defense beyond a reasonable doubt). In contrast to the position taken in *Pena-Bencosme*, true self-defense under article 328 obliterates the government's showing on the intent to kill element.[1]

Mr. Aguasvivas proffered multiple pieces of evidence going to his state of mind and his

---

[1] *Pena-Bencosme*, 2006 WL 3290361, at *4, reasoned, with regard to *im*perfect self-defense under articles 321 and 326, that because "Article 326 .. provides that '[w]hen the circumstance of excuses is proven, the penalty will be reduced....[,]' Pena-Bencosme's defense of an excusable homicide does not obliterate probable cause to charge him with the homicide of Fortuna Sanchez…. [The] Dominican statute's phrase '[w]hen the circumstances of excuse are proven' suggests that self-defense, or provocation by the victim, is an affirmative defense and the burden of proof is on the defendant." The court in *Pena-Bencosme* did not consider *true* self-defense under Article 328, which comes in an entirely different section of the Dominican penal code, *after* Article 326 (see attached); Article 328 was not proffered by the relator in that case.

subjective fear for his life in order to show that the government fails to show probable cause not only that he killed, but that he did so willfully, intentionally, and non-defensively.  This is its burden as to the homicide charges.  The Court orally rejected all of this evidence, at the June 8, 2018 hearing, under the theory that self-defense is an affirmative defense not relevant at the probable cause stage.  *See Pena-Bencosme*, 2006 WL 3290361, at *4.  In light of Article 328, establishing that true self-defense is a complete negation of the crime, *not* a justification or affirmative defense, Mr. Aguasvivas renews his request to introduce the evidence proffered on the issue of intent.

        Respectfully submitted,

        CRISTIAN STARLING AGUASVIVAS,
        by his attorneys,

        */s/ Jennifer C. Pucci*
        Jennifer C. Pucci
        B.B.O. #669823
        */s/ Amy Barsky*
        Amy Barsky
        Cal. Bar #270846
        FEDERAL PUBLIC DEFENDER OFFICE
        51 Sleeper Street, 5th Floor
        Boston, MA 02210
        617-223-8061

Certificate of Service

I, Jennifer C. Pucci, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date:  June 22, 2018        */s/ Jennifer C. Pucci*
        Jennifer C. Pucci